UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
RUBY SINGCO,

                      Plaintiff,                      Civil Action No.: 07 CIV 8358

      - Against -

                                                     **ANSWER AND JURY DEMAND**

USF INSURANCE COMPANY,

                      Defendant.

-----------------------------------------------------------------X

      The defendant, USF INSURANCE COMPANY ("USF"), by and through its attorneys, Morgan Melhuish Abrutyn, by way of Answer to the Complaint of the plaintiff, respectfully alleges upon information and belief:

      1.     The defendant admits paragraph 1.

      2.     The defendant admits paragraphs 2, 8, 9 and 10 to the extent they allege any pleadings speak for themselves and defendant denies the balance.

      3.     The defendant admits paragraph 3 to the extent it alleges defendant is a licensed insurer in the State of New York and denies the balance.

      4.     The defendant admits paragraphs 4 and 5 to the extent they allege that it issued an insurance policy to Samuel S. Grunkorn, the terms, conditions and exclusions of which speak for themselves and defendant denies the balance.

      5.     The defendant denies paragraphs 6, 7 and 11.

## **FIRST AFFIRMATIVE DEFENSE**

The insurance policy issued to Samuel S. Grunkorn sets forth the following conditions:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

1. Duties In The Event Of Occurrence, Offense, Claim Or Suit

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;
        (2) The names and addresses of any injured persons and witnesses; and
        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received; and
        (2) Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c. You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
        (2) Authorize us to obtain records and other information.
        (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
        (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Samuel S. Grunkorn failed to provide notice of occurrence, claim on suit in accordance with the above conditions and there is no coverage under the policy issued by defendant for the alleged judgment.

## **SECOND AFFIRMATIVE DEFENSE**

The insurance policy issued to Samuel S. Grunkorn sets forth the following conditions:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;
      (2) The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and
      (2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
      (2) Authorize us to obtain records and other information.

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Samuel S. Grunkorn failed to immediately send copies of demands, notices, summons or legal papers received in connection with the claim or suit or notify USF of said claim on suit in accordance with the policy, and there is no coverage under the policy issued by defendant for the alleged judgment.

### THIRD AFFIRMATIVE DEFENSE

USF provided notice of disclaimer to Samuel S. Grunkorn and all injured claimants in accordance with law and there is no coverage under defendant's policy for the alleged judgment.

### FOURTH AFFIRMATIVE DEFENSE

There is no coverage under the terms, conditions and exclusions of policy issued by defendant for the alleged judgment.

### FIFTH AFFIRMATIVE DEFENSE

There is no duty or obligation of USF to defend or indemnify Samuel S. Grunkorn for the alleged judgment.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and the Complaint must be dismissed.

## JURY DEMAND

The defendant demands a jury trial on all issues.

**WHEREFORE**, defendant demands judgment:

(1) Declaring that there is no coverage under the policy issued by defendant to Samuel S. Grunkorn for the alleged judgment;

(2) Declaring there is no duty of defendant to defend or indemnify Samuel S. Grunkorn under the policy issued by defendant for the alleged judgment;

(3) Dismissal of the Complaint with prejudice; and

(4) Such other relief as the Court deems just and proper.

Dated: September 21, 2007        **MORGAN MELHUISH ABRUTYN**

BY: _____
JOSEPH DeDONATO
39 Broadway, 35th Floor
New York, New York 10006
(212) 809-1111
Attorneys for Defendant
USF INSURANCE COMPANY

455802